IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**WILLIAM H. HESTER**                                                                 **PLAINTIFF**

**v.**                                                             **No. 4:17CV185-JMV**

**MTC, INC., ET AL.**                                                         **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of William H. Hester, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Allegations**

Mr. Hester alleges that on August 30, 2016, he was classified such that he could be placed in a Community Work Center, qualifying for Community Minimum Custody. After that, however, another classification officer discovered an Order of Revocation from the Circuit Court of George County, Mississippi. Mr. Hester had lied repeatedly to the drug court about needing cancer treatment – and had forged a letter from a non-existent doctor on Singing River Health System letterhead to support that false claim. The letter claimed that Mr. Hester was receiving cancer treatment at MD Anderson in Texas. The order does not specify whether or not Mr. Hester left the State without permission.

Mr. Hester's classification officer, however, lowered his custody level to B-Custody, because, based upon the revocation order, she believed that Mr. Hester had left the state without permission while on parole. Hester pursued relief through the Administrative Remedy Program, to no avail, as Ms. Jackson (who works in Classification) had put an alert on his file regarding his alleged departure

from the State. It appears that all staff reviewing Mr. Hester's grievances relied upon the flag and Ms. Jackson's interpretation of the revocation order. Mr. Hester argues that the defendants violated his right to due process during the handling of his grievances by summarily agreeing with the initial finding in the grievance process. He argues that, had the defendants handled the grievance process properly, he would have been placed in a Community Work Center.

## No Right to Prison Grievance Procedure

As an initial matter, there is no constitutionally protected interest in the existence or adequacy of prison grievance procedures. The United States District Court for the Norther District of Texas has explained this clearly:

> [A]n inmate does not have a constitutional entitlement to an adequate grievance procedure. *See e.g., Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (there is no constitutional right to participate in grievance procedures); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996) (inmates do not have a constitutional right to an adequate grievance procedure; any right to inmate grievance procedure is procedural, not substantive, right and, thus, state's inmate grievance procedures do not give rise to liberty interest protected by due process clause); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (inmates do not have a constitutional right to participate in grievance procedures); *Jenkins v. Henslee*, 2002 WL 432948, *2 (N.D. Tex. Mar 15, 2002) (NO. 3-01-CV-1996-R). Although an adequate grievance procedure is a condition precedent to filing a suit arising under § 1983, *see* 42 U.S.C. 1997e(a), its ineffectiveness or altogether absence does not give rise to a constitutional claim. Hence any alleged violation of the grievance procedure as alleged in Plaintiff's complaint does not amount to a constitutional violation.

*Giddings v. Valdez*, No. 3:06-CV-2384-G, 2007 WL 1201577, at *3 (N.D. Tex. Apr. 24, 2007). The Fifth Circuit Court of Appeals has made a closely related ruling dispositive of the instant case:

> Geiger also alleged that prison officials failed properly to investigate his grievances and letters complaining about the conduct of the mail room and security staff. Insofar as he seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous. "[A] prisoner has a liberty interest only in 'freedom[s] from restraint ... impos[ing] *atypical* and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Geiger does not have a federally protected liberty interest in having these grievances resolved

> to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

*Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005) (quoting *Sandin v. Connor, infra*.) Thus, to the extent that Mr. Hester challenges the adequacy of the Mississippi Department of Corrections grievance process, including the thoroughness of the investigation of his grievance, that allegation must be dismissed for failure to state a claim upon which relief could be granted.

In addition, Mr. Hester presented his claims to prison authorities through the grievance process, and the defendants rejected those claims. As set forth above, he is not entitled to have those grievances resolved to his satisfaction. In the context of a prisoner case filed under 42 U.S.C. § 1983, exhaustion of the prison grievance process acts as a condition precedent to presenting a plaintiff's claims in federal court; thus, "its ineffectiveness or altogether absence does not give rise to a constitutional claim." *Giddings, supra*.

### No Violation of Due Process

As set forth above, Mr. Hester has no right to a grievance process or proper processing of his grievances. Further, as set forth below, his substantive claims regarding due process and his reduction in custody level fail on the merits. Under the ruling in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the plaintiff has not set forth a valid claim for violation of the Due Process Clause or any other constitutional protection. Though "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the discipline administered the prisoner was confinement in isolation. This discipline fell "within the expected

parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case, Mr. Hester faced only a reduction in custody, which fell clearly "within the expected parameters of the sentence imposed by a court of law" and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin*, 115 S.Ct. at 2301. As such, the Mr. Hester's allegations regarding violation of his right to due process are without merit, and this case will be dismissed for failure to state a claim upon which relief could be granted.

**SO ORDERED**, this, the 16th day of April, 2018.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE